IN THE COURT OF CRIMINAL APPEALS

OF TEXAS





NO. WR-63,866-01






EX PARTE CLIFFORD JAMES GUYNES, Applicant






ON APPLICATION FOR A WRIT OF HABEAS CORPUS 

CAUSE NO. 858191 IN THE 338TH DISTRICT COURT

HARRIS COUNTY




 Per curiam.

 O R D E R


 This is an application for a writ of habeas corpus which was transmitted to this Court
by the clerk of the trial court pursuant to the provisions of Tex. Code Crim. Proc. art. 11.07. 
Applicant was convicted of the offense of possession of cocaine, and punishment was
assessed at six (6) months' confinement. No direct appeal was taken.

 Applicant contends that his plea of guilty was involuntary due to the ineffective
assistance of counsel, in that counsel: failed to investigate, when an investigation would have
revealed that the laboratory test results showed no cocaine residue on Applicant's pocket
knife; and wrongly advised Applicant that the laboratory test results showed that Applicant's
pocket knife had tested positive for cocaine residue. Applicant contends that he is actually
innocent of the offense and would not have pleaded guilty, but for counsel's erroneous
advice.

 The trial court has recommended a dismissal, finding that "Applicant fails to present
any allegation or evidence reflecting that he is subject to collateral consequences resulting
from his conviction in cause number 858191; . . .". However, the record reflects, and
Applicant has alleged, collateral consequences sufficient to invoke this Court's jurisdiction
on habeas review. Because Applicant has stated facts requiring resolution and because this
Court cannot hear evidence, it is necessary for the matter to be remanded to the trial court for
resolution of those issues. The trial court shall resolve those issues as set out in Tex. Code
Crim. Proc. art. 11.07, § 3 (d), in that it may order affidavits, depositions, or interrogatories
from counsel or it may order a hearing. In the appropriate case the trial court may rely on its
personal recollection. 

 If the trial court elects to hold a hearing, it shall first decide whether Applicant is
indigent. If the trial court finds that Applicant is indigent and Applicant desires to be
represented by counsel, the trial court will then, pursuant to the provisions of Tex. Code
Crim. Proc. art. 26.04, appoint an attorney to represent him at the hearing. 

 The trial court shall then make findings of fact as to: whether counsel failed to
investigate, when an investigation would have revealed that the laboratory test results showed
no cocaine residue on Applicant's pocket knife; whether counsel wrongly advised Applicant
that the laboratory test results showed that Applicant's pocket knife had tested positive for
cocaine residue; and whether Applicant has shown a reasonable probability that he would not
have pleaded guilty but would have insisted on going to trial, had he been correctly informed
of the lab results. The trial court shall also make any further findings of fact and conclusions
of law it deems relevant and appropriate to the disposition of the application for writ of
habeas corpus.

 Because this Court does not hear evidence, Ex Parte Rodriguez, 334 S.W.2d 294 (Tex.
Crim. App. 1960), this application for a post-conviction writ of habeas corpus will be held
in abeyance pending the trial court's compliance with this order. The trial court shall resolve
the issues presented within ninety (90) days of the date of this order. (1) A supplemental
transcript containing any affidavits, the transcription of the court reporter's notes from any
interrogatories or hearings held, along with the trial court's findings of fact and conclusions
of law, shall be returned to this Court within one hundred twenty (120) days of the date of
this order. (2)


 IT IS SO ORDERED THIS THE 29th DAY OF March, 2006.

EN BANC

DO NOT PUBLISH 
1. In the event any continuances are granted, copies of the order granting the continuance
shall be provided to this Court.
2. Any extensions of this time period shall be obtained from this Court.